# Krall *v.* Lebanon Valley Savings & Loan Assn., Appellant.

*Judgment — Opening judgment—Discretion of court—Abuse— Appeal.*

1. An application to open a judgment is addressed to the sound discretion of the court, and its action thereon will not be reversed except to correct an abuse of discretion.

2. On a rule to open a judgment entered for want of an affidavit of defense, it is not a question as to what might have been interposed to prevent judgment, but what will move the conscience of a chancellor to open it; a mere technical defense is insufficient for that purpose.

*Building and loan association — Stockholder—Full paid stock— Payment to treasurer—Signature to stock certificate—Treasurer— Secretary—By-laws—Act of June 24, 1895, P. L. 258.*

3. A stockholder of a building and loan association, who has paid for his stock in full, may tender back his stock to the association and recover its value by suit.

4. Where the stockholder has brought such suit and taken judgment against the association for want of an affidavit of defense, an application to open the judgment cannot prevail because of mere technical irregularities in plaintiff's demand for redemption of his stock, however weighty they might have been before judgment.

5. A corporation may be liable to a bona fide holder of its stock under some circumstances, although the same was fraudulently issued by its officers.

6. A corporation may be liable for money received although it gave a defective obligation therefor.

7. Where a stockholder of a building and loan association pays his dues, according to the customary course of dealing, to the treasurer and receives from the latter a certificate of full paid stock signed by the treasurer as provided by the Act of June 24, 1895, P. L. 258, but not by the secretary as provided by the by-laws, and the treasurer embezzles the money, the stockholder will be entitled to recover the value of the stock from the association.

8. There is no statute which provides that a building and loan association shall direct its secretary and not its treasurer to countersign its stock.

Argued April 10, 1923. Appeal, No. 220, Jan. T., 1923, by defendant, from order of C. P. Lebanon Co., Sept. T., 1922, No. 133, dismissing petition to open judgment, in case of David Krall v. Lebanon Valley Savings and Loan Association. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SADLER, JJ. Affirmed.

Petition to open judgment. Before HENRY, P. J.
The opinion of the Supreme Court states the facts.
Petition dismissed. Defendant appealed.

*Error assigned,* inter alia, was order, quoting record.

*Jas. F. Boylan,* with him *John P. Connelly, Warren G. Light* and *Fred. Taylor Pusey,* for appellant.—The by-laws control as to the signature on the stock certificate: Putnam v. Oil Co., 272 Pa. 301; Millward Cliff Cracker Co.'s Est., 161 Pa. 164.

*Eugene D. Siegrist* for appellee.—It has been repeatedly decided that judgments will not be opened to permit a merely technical defense, but only to prevent injustice: Caldwell v. Carter, 153 Pa. 310; Phila. v. Adams, 15 Pa. Superior Ct. 483; Binkley v. Nolt, 46 Pa. Superior Ct. 531; Kelber v. Plow Co., 146 Pa. 485; Colquhoun v. Mfg. Co., 62 Pa. Superior Ct. 85; Leather Co. v. Heasley, 50 Pa. Superior Ct. 127; Kisterbock's App., 127 Pa. 601.

Plaintiff was a creditor of the association as a withdrawing stockholder, and could sue the association: Lepore v. B. & L. Assn., 5 Pa. Superior Ct. 276.

OPINION BY MR. JUSTICE WALLING, May 7, 1923:
David Krall, the plaintiff, was the holder of fully paid up stock in the Lebanon Valley Savings & Loan Association, defendant, which he tendered the latter and then brought this suit for its value. The summons and state-

ment of claim having been served according to law, judgment was taken for want of an affidavit of defense; and this appeal by defendant is from the order of the court below refusing to open the judgment. We find nothing in the record pointing to such refusal as an abuse of discretion. It is not a question as to what might have been interposed to prevent judgment, but of what will move the conscience of a chancellor to open it; a mere technical defense is insufficient for that purpose: State C. of Pa. P. S. of A. v. Kelley, 267 Pa. 49, 56; see also Caldwell v. Carter, 153 Pa. 310. An application to open a judgment is addressed to the sound discretion of the court and its action thereon will not be reviewed except to correct an abuse of discretion: Kelber v. Plow Co., 146 Pa. 485; Colquhoun v. General F. & Mfg. Co., 62 Pa. Superior Ct. 85.

Defendant is a building and loan association and a stockholder therein may, as plaintiff did, tender back his stock and recover its value; in fact defendant's by-laws so provide; and see Lepore v. Building and Loan Assn., 5 Pa. Superior Ct. 276. The application to open judgment cannot prevail because of mere technical irregularities in plaintiff's demand for a redemption of his stock, however weighty they might have been before judgment.

Defendant's office at Lebanon was in charge of its treasurer, John E. Hartman, and he issued the stock to plaintiff and, as treasurer, was paid for the same, although he failed to enter upon the books the fact of the issue of the stock, embezzled the proceeds thereof and, when process was served upon him in this case, failed to report it to the other officers; but defendant's remedy is against him and his sureties, if any, and not against plaintiff, an innocent third party. A corporation may be liable to a bona fide holder of its stock, under some circumstances, although the same was fraudulently issued by its officers: Kisterbock's App., 127 Pa. 601; see also opinion of Judge HARE in Willis v. Phila. & Darby

R. R. Co., 6 W. N. C. 461. Payment to the treasurer, on the facts in this case, may be considered payment to the association regardless of what he did with the money, and defendant, having accepted plaintiff's money, and not having denied receiving benefit therefrom, cannot escape liability by setting up its alleged irregularities in the manner of issuing the stock here depended on. The principle that a corporation may be liable for money received, although it gave a defective obligation therefor (Scouton v. Stony Brook Lumber Co., 261 Pa. 241; Martin v. Inter-State Lumber Co., 260 Pa. 218; Millward Cliff Cracker Co.'s Estate, 161 Pa. 157), is applicable here. Furthermore, there is in the instant case no question of ultra vires, for defendant had authority to issue the stock, which was done under its corporate seal and signed by the treasurer; there was no denial that for years previous a course of dealing existed between defendant corporation and its stockholders coinciding with the manner in which the present certificates were issued, so far as the president's signature was concerned, or that the entire management and control of defendant's affairs were handed over to its treasurer. The statute (Act of June 24, 1895, P. L. 258), which provides that stock in such case shall be countersigned by the treasurer, is a sufficient answer to the objection that this stock was signed by the treasurer, and not by the secretary as defendant's by-laws provide. As stated by the court below, there seems to be no statute which permits such corporation to direct that its secretary and not its treasurer shall countersign the stock.

It is not necessary to pass upon the motion to quash the appeal.

The assignments of error are overruled and the order refusing to open the judgment is affirmed.